SCOTT C. CLARKSON, ESQ. (SBN 143271)
EVE A. MARSELLA, ESQ. (SBN 165797)
CHRISTINE M. FITZGERALD, ESQ. (SBN 259014)
**CLARKSON, GORE & MARSELLA**
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California  90503
Phone: 310-542-0111
Fascsimile: 310-214-7258

BRENTON L. HORNER (SBN 92399)
LISA A. GALLO (SBN 201909)
**HORNER & ASSOCIATES**
205 South Broadway, Suite 905
Los Angeles, California 90012
Telephone: (213) 680-1716
Facsimile: (213) 680-1905

Co-Counsel for Plaintiff, Angelo Sianez

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FERNIE MONTES DE OCHA AND DORA RUIZ-MONTES DE OCHA<br><br>　　　　　Debtors,<br><br>_____<br><br>ANGELO SIANEZ,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>FERNIE MONTES DE OCHA AND EDWARD M. WOLKOWITZ, AS THE CHAPTER 7 TRUSTEE OF THE ESTATE OF FERNIE MONTES DE OCHA AND DORA RUIZ-MONTES DE OCHA,<br><br>　　　　　Defendant. | Case No. 2:10-bk-35508-RN<br><br>Adv. No.<br><br>Chapter 7<br><br>**COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT (AGAINST DEBTOR) AND TO QUIET TITLE TO REAL PROPERTY (AGAINST DEBTOR AND CHAPTER 7 TRUSTEE)**<br><br>[11 U.S.C. §§523(a)(2), (6)] |

　　　Plaintiff, ANGELO SIANEZ asserts and alleges as follows:

///

## JURISDICTION AND VENUE

1. This action qualifies as a core proceeding under 28 U.S.C. §§157(b)(2)(I) and (J).

2. The Bankruptcy Court may hear and determine all cases under Title 11 and all core proceedings arising under exceptions to, and denial of, discharge under 11 U.S.C. §§523(a)(2)(A), (a)(6), and 727 et seq., and may enter appropriate orders and judgments, subject to review under 11 U.S.C. §158.

3. Venue is proper in this judicial district in that this proceeding is related to a case under Title 11 of the United States Bankruptcy Code as provided in 28 U.S.C. §1409(a).

## PREFATORY STATEMENT

4. This is a case filed on behalf of an elderly person against a Debtor who is a relative and former caretaker believed to have engaged in elder abuse to defraud the elderly person out of real property and several hundred thousand dollars. As a result of these activities, the Debtor had been sued in state court for, *inter alia*, elder abuse, fraud and to quiet title to the real property.

## PARTIES

5. Plaintiff was born on May 24, 1937 and is at all time relevant herein an elder within the definition of Welfare Institutions Code Section 15610 et seq., and a senior citizen within the definition of Civil Code Section 1761.

6. The Defendant, Fernie Montes de Ocha ("Defendant" or "Debtor") is one of the Debtors in this Chapter 7 case, filed June 23, 2010 and presently pending in the Central District of California.

7. Edward M. Wolkowitz (the "Trustee") was assigned as the Chapter 7 trustee in the Case of the Debtor. The Trustee is listed as a defendant in this action solely as a result of his capacity as Chapter 7 Trustee and solely for purposes of the quiet title action.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. The Defendant is the Plaintiff's nephew and a police officer with the Los Angeles Police Department.

9. Defendant, who came into Plaintiff's home as a caregiver for Plaintiff, had a confidential and fiduciary relationship with Plaintiff and in whom Plaintiff reposed the utmost trust and confidence.

10. Defendant maintained care and custody of Plaintiff, as that phrase is defined in the Elder Abuse and Defendant Adult Civil Protection Act (EADACPA or Elder Abuse Law), including Welfare & Institution Code Section 15610.57.

11. On or about June 24, 2007, at Defendant's urging and undue influence, Plaintiff entered into an agreement with Defendant in which Plaintiff agreed to sell Defendant the real property located at 5808 Fayette Street, Los Angeles, California (the "Property") and Defendant falsely promised to Plaintiff that he would (1) purchase the Property; (2) provide a home for Plaintiff's aged mother; and, (3) pay any loans made to them by Plaintiff or third parties in which the Property was used for collateral.

12. Accordingly, Plaintiff, at Defendant's urging and undue influence, placed the Debtors on title to the Property without any consideration having passed between Defendant and Plaintiff. The alleged transfer of title is evidenced by a document recorded with the Los Angeles County Recorder's Office, No. 7-1708992 on July 19, 2007.

13. On or about July 20, 2007, Plaintiff, at Defendant's urging and undue influence and on behalf of Defendant, borrowed $255,000, secured by a deed of trust on the Property. Plaintiff provided whatever funds he received from the $255,000 to Defendant. Plaintiff is informed and believes and on that basis alleges that Defendant has failed to repay these funds.

14. On or about March 11, 2008, Plaintiff, at Defendant's urging and undue influence, signed a document purportedly transferring all of his interest in the Property to Defendant only, without consideration. The alleged transfer is evidenced by a document recorded with the Los Angeles County Recorder's Office, No. 8-0412163.

15. Plaintiff is informed and believes and on that basis alleges, that on or about March 11, 2008, Defendant obtained a $263,000 promissory note, secured by a deed of trust on the Property, for his own use and benefit, which as structured will grow to $328,750.

16. Plaintiff is informed and believes and on that basis alleges that Defendant, who did not initially list the Property on his Schedules, is utilizing the Property as a rental property (See, Defendant's Amended Schedule A) and is receiving rental income from the Property (See,

Defendant's Amended Schedule I). Defendant did not list the receipt of any rental income on his filed Statement of Financial Affairs.

17. The basis of the claim of title of Plaintiff in the Property is that prior to the acts alleged in and within the last five years, Plaintiff was the sole owner in fee simple of the Property and that, on information and belief, the Debtor falsely and fraudulently and/or by undue influence obtained from Plaintiff a purported claim or interest in the Property as alleged herein.

18. On information and belief, the actions of the Defendant, as alleged herein were done with the intent to permanently deprive Plaintiff of his ownership, title and interest in the Property and to obtain such ownership, title and interest in the Property or the monetary value thereof for the Debtor's own use and benefit. Such ownership, title and interest in the Property or the monetary value thereof were procured through fraud and forgery and as such are and were void and did not convey title or any other interest.

## FIRST CLAIM FOR RELIEF

## FOR NONDISCHARGEABILITY OF DEBT- AGAINST DEBTOR

## (11 U.S.C. §523(a)(2)(A))

19. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 18, inclusive of this Complaint.

20. Plaintiff is informed and believes and on that basis alleges that when Defendant made the representations made by Defendant, as alleged above, and undertook the subsequent actions as alleged in paragraphs 12-13, Defendant knowingly and intentionally misrepresented to Plaintiff that Plaintiff would be paid for the Property, that Plaintiff's aged mother would have a home and that Defendant would pay any loans made to Defendant by Plaintiff or third parties.

21. At the time the misrepresentations alleged above were made, Defendant knew they were false, and had no intention of performing under his agreement with Plaintiff and actually intended to borrow all of the equity in the Property, transfer title from Plaintiff to Defendant without consideration and or sell the Property for his own profit and benefit.

22. At the time the misrepresentations alleged above were made, Defendant intended to defraud, deceive and induce Plaintiff into relying on the representations.

23. Plaintiff reasonably and justifiably relied upon said representations since Defendant is his nephew, his caregiver, a member of the Los Angeles Police Department and the natural object of Plaintiff's love, affection and trust. Absent Defendant's false representations and actions and undue influence, Plaintiff would not have entered into the agreement and transferred Property to Defendant.

24. As a result of the above, Plaintiff has been damaged in an amount to be determined at trial. Defendant acted with the intent to injure or otherwise damage Plaintiff such as to constitute fraud or malice. Accordingly, Plaintiff is entitled to an award of punitive and exemplary damages in an amount to be determined at trial.

25. Thus, by virtue of the facts alleged herein, Defendant is liable for a debt to the Plaintiff for money obtained by false pretenses, false promises, false representation, secreting and/or actual fraud. As such, it is not dischargeable in bankruptcy pursuant to 11 U.S.C. Section 523(a)(2) and Plaintiffs request a judgment to that effect from the Court.

## SECOND CLAIM FOR RELIEF

### FOR NONDISCHARGEABILITY OF DEBT-AGAINST DEBTOR

### (11 U.S.C. §523(a)(6))

26. Plaintiff incorporateS herein by reference the allegations set forth in paragraphs 1 through 25, inclusive of the Complaint.

27. Plaintiff's claim is excepted from discharge pursuant to 11 U.S.C. §523(a)(6), as it arises by the Defendant's willful and malicious injury to Plaintiff. Defendant should be denied a discharge for the total amount owed to Plaintiff, in an amount to be proven at trial.

28. Plaintiff is informed and believes, and upon that basis alleges, that Defendant wrongfully exercised control over Plaintiff and Plaintiff's Property, as referenced above, by intentionally and wrongfully devising a means to take the Property from the Plaintiff without paying for it.

29. Plaintiff is informed and believes, and upon that basis alleges, that Defendant intentionally wrongly took, secreted, misappropriated, obtained and/or retained Plaintiff's property, to the detriment of Plaintiff.

30. At all relevant times Plaintiff was 65 years of age or older and/or a dependent adult.

31. The taking, secreting, misappropriation obtaining and/or retaining of Plaintiff's property by Defendant or others at his direction, as described above was for the wrongful use with intent to defraud Plaintiff and take, secret, misappropriate, obtain and/or retain the Property, or the proceeds from the sale of the Property, for his own use and enjoyment, and to make a substantial profit when Defendant sold or otherwise transferred the Property to a third party.

32. Plaintiff is informed and believes, and upon that basis alleges, that he owned/possessed/had a right to possess the Property and sell the Property.

33. Defendant wrongfully induced Plaintiff to: (1) sell Defendant the Property; (2) borrow $255,000.00 secured by the Property and provide these funds to Defendant; and (3) transfer all of Plaintiff's interest in the Property to Defendant. But for the elder abuse committed by the Defendant, the Property would not have been taken, and/or the funds due for the sale of the Property would have been realized by Plaintiff.

34. Defendant took possession of the Property without the intention of paying for it. Defendant never returned the Property to Plaintiff, and did not pay for the Property, thereby preventing Plaintiff from having and using such monies from the sale of the Property.

35. Defendant took the funds from Plaintiff which were secured by the Property without the intention of paying Plaintiff back or paying the third party who loaned Plaintiff the money.

36. Plaintiff has been harmed in not receiving the monies due as a result of selling the Property, and such Property was wrongly taken, secreted, misappropriated, obtained, and/or retained from Decedent without consent and by fraud and undue influence.

37. Defendant's conduct constitutes "Financial Abuse" of an elder pursuant to the California Welfare and Institutions Code, is subject to treble damages which are nondischargeable, and constitutes a crime pursuant to the California Penal Code §368 et. seq. The Defendant violated the Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of Plaintiff by taking, hiding, appropriating and/or retaining and/or assisting in taking, hiding, appropriating and/or retaining the Property and/or the proceeds therefrom.

38. By the acts herein described, Defendant willfully injured Plaintiff. Defendant's acts were deliberate and caused an intentional injury.

39. By the acts herein described, Defendant maliciously injured Plaintiff:

    a. As described above, Defendant acted wrongfully by devising a means to take the Property from the Plaintiff, without paying for it.

    b. As described above, Defendant acted intentionally, and intended the consequences of his actions.

    c. As described above, Defendant's actions necessarily caused harm to Plaintiff.

    d. Defendant's wrongful and intentional actions were done without just cause or excuse.

40. Plaintiff was seriously and substantially harmed by the actions of the Debtor as alleged herein in that as direct result thereof, Plaintiff was deprived of his ownership, title and interest in the Property and/or the monetary value and proceeds thereof for the Debtor's own use and benefit and/or that of others.

41. The conduct of the Debtor was a substantial factor in causing Plaintiff harm.

42. The Defendant engaged in financial abuse of Plaintiff under Cal. Wel. & Inst. Code § 15610.30. Defendant (1) took, secreted, appropriated, obtained, or retained property of Plaintiff, who was an elder or dependent adult at relevant time, for a wrongful use or with intent to defraud, or both; (2) assisted in taking, secreting, appropriating, obtaining, or retaining property of Plaintiff, who was an elder or dependent adult at relevant time, for a wrongful use or with intent to defraud, or both; or (3) took, secreted, appropriated, obtained, or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining property of an elder or dependent adult by undue influence, as defined in Section 1575 of the Civil Code.

43. The Defendant took, secreted, appropriated, obtained, or retained property of Plaintiff, who was an elder or dependent adult at the relevant time, and the Defendant knew or should have known that this conduct was likely to be harmful to Plaintiff.

44. Each of the Participants has been guilty of recklessness, oppression, fraud, or malice in the commission of the financial abuse of Conservatee, so the limitations imposed by Section 377.34 of the Code of Civil Procedure on the damages recoverable do not apply.

45. Defendant's actions, which gave rise to the harm to Plaintiff, were willful, malicious and committed with the intent to harm Plaintiff and, pursuant to the provisions of 11 U.S.C. Section(a)(6), constitute willful and malicious injury to another entity. Defendant should be denied a discharge for the total amount owed to Plaintiff, trebled and attorneys fees, as provided for under the Elder Abuse Law, and Plaintiff requests a judgment to that effect from the Court.

### THIRD CLAIM FOR RELIEF

**FOR QUIET TITLE – AGAINST DEBTOR AND THE TRUSTEE**

46. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 44, inclusive of this Complaint.

47. Plaintiff claims some right, title, estate, lien or interest in the Property, legally described as New York Tract, Lot 8, block 9, APN 5484-009-008 in the city of Los Angeles, County of Los Angeles.

48. Plaintiff seeks to determine the interests in and to establish ownership of and quiet title to the Property and to obtain an order directing the transfer of the Property to the Plaintiff and finding that the Defendant is liable to the Plaintiff for damages and interest. Each of the purported claims of the Debtor and the Debtor's estate that are adverse to Plaintiff in the Property constitutes a cloud on Plaintiff's title and is without any right whatever, and the Debtor's estate and the Defendant has no right, title, estate, lien, or interest whatever in the Property or any part thereof.

49. Plaintiff seeks to quiet title and to establish ownership of the Property and to request an order directing transfer of the Properties to Plaintiff as against the Debtor's estate and the Defendant as of the date that the Petition was filed because Plaintiff lacked the capacity to give informed consent with respect to the transfers of the Property from Plaintiff as a result of the undue influence and fraud, resulting in his inability to give informed consent with respect thereto.

50. The Property, which is the subject of this action, is described in detail above, the title of Plaintiff to the Property is the fee simple interest in the Property that was held by Plaintiff directly which Plaintiff wholly owned, and the basis of Plaintiff's title to and interest in the Property was through sale of the Property to the Debtor; the adverse claims to the title of the Property against which a determination is sought are described in detail above; the date as of which the

determination is sought for the Property is the date the Petition was filed because that is the relevant date for application of any statute of limitations; and Plaintiff in this Complaint makes a prayer for the determination of the title of Plaintiff against the adverse claims for the Property.

51. Unless title to the Property is quieted in Plaintiff and ownership of the Property is established in Plaintiff, and the Debtor's estate and the Defendant are enjoined from asserting their purported adverse claims to Plaintiff's property, the Debtor's estate and the Defendant and others will continue to assert said claims and will cause irreparable harm, damage and injuries in that the Property will be subject to said claims.

52. Plaintiff has no clear, adequate or speedy remedy at law or otherwise for the harm done and threatened to be done by the Defendant as alleged herein. Plaintiff cannot adequately be compensated for his injuries in an action at law. The damages that Plaintiff will sustain as a result of the acts of the Defendant, as alleged herein, are not susceptible to accurate calculation.

53. As a direct and proximate result of the above-alleged conduct of the Debtor, Plaintiff has suffered damages in an amount according to proof.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For special damages in an amount to be determined according to proof;
2. For general damages in an amount to be determined according to proof at the time of trial;
3. For costs of suit herein incurred;
4. For interest according to law; and,
5. For other and further relief as the court may deem just and proper.

### ON THE SECOND CLAIM FOR RELIEF

1. For special damages in an amount to be determined according to proof at the time of trial;
2. For general damages in an amount to be determined according to proof at the time of trial;
3. For costs of suit herein incurred;

4. For attorneys fees, according to proof;

5. For interest according to law; and,

6. For other and further relief as the court may deem just and proper.

### ON THE THIRD CLAIM FOR RELIEF

1. A declaration that any purported interest in the Property that is alleged to be that of the Debtor's estate or the Defendant was obtained by fraud and/or undue influence and conveyed no title or other interest in the Property to the Debtor's estate or the Defendant;

2. An order quieting title and declaring that Plaintiff is established as and in fact is the legal title holder to and the owner of the Property and that the Debtor's estate and the Defendant have no right, claim or title therein;

3. An order authorizing and directing the Defendant, personal representative or other fiduciary, or the person having title to or possession of the Property, to execute a conveyance or transfer to the Plaintiff;

4. A judgment in favor of Plaintiff and against the Defendant for damages incurred by Plaintiff to be proven at trial including the value of the Property;

5. For costs of suit herein incurred;

6. For attorneys fees and costs for prosecuting an action to recover the Property, according to proof;

7. A declaration that the Property is not property of the Debtor's estate;

8. For interest according to law; and,

9. For other and further relief as the court may deem just and proper.

Dated: October 4, 2010

**CLARKSON, GORE & MARSELLA**
**A Professional Law Corporation**

By: _____
Scott C. Clarkson
Eve A. Marsella
Christine M. Fitzgerald
Attorneys for Plaintiff Angelo Sianez

---

10
**COMPLAINT**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Angelo Sianez | DEFENDANTS<br>Fernie Montes De Ocha & Edward M. Wolkowitz, as Chapter 7 Trustee |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Scott C. Clarkson, Esq.<br>CLARKSON, GORE & MARSELLA, APLC<br>3424 Carson Street, #350<br>Torrance, CA 90503<br>(310) 542-0111 | ATTORNEYS (If Known)<br>Jaenam J. Coe<br>Park Law Firm<br>3255 Wilshire Blvd. Suite 1110<br>Los Angeles, CA 90010<br>(213)389-1400 |
| PARTY (Check One Box Only)<br>[ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor [ ] Other<br>[ ] Trustee | PARTY (Check One Box Only)<br>[X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor [ ] Other<br>[ ] Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Determination of Dischargeability of Debt
[11 U.S.C §§523(a)(2)(6)] And to quiet title to Real Property

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[X] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[X] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law     [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint     Demand $ 328,750.00

Other Relief Sought   Quiet Title to Real Property

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  Fernie Montes De Ocha and Dora Ruiz-Montes De Ocha ||  BANKRUPTCY CASE NO.  2:10-bk-35508-RN ||
| DISTRICT IN WHICH CASE IS PENDING  Central || DIVISION OFFICE  Los Angeles | NAME OF JUDGE  Richard M. Neiter |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)  /s/ Scott C. Clarkson ||||
| DATE  Oct 4, 2010 ||  PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Scott C. Clarkson, Esq. ||

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Scott C. Clarkson, Esq.(SBN)143271<br>CLARKSON, GORE & MARSELLA, APLC<br>3424 Carson Street, #350<br>Torrance, CA 90503<br><br>(310) 542-0111<br>(310) 214-7254<br><br>*Attorney for Plaintiff*  Angelo Sianez | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Fernie Montes De Ocha and Dora Ruiz-Montes De Ocha | CHAPTER  7 |
|---|---|
| | CASE NUMBER  2:10-bk-35508-RN |
| Debtor. | ADVERSARY NUMBER |
| Angelo Sianez<br><br>                       vs.                       Plaintiff(s),<br><br>Fernie Montes De Ocha & Edward M. Wolkowitz, as Chapter 7 Trustee<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

[X] 255 East Temple Street, Los Angeles     [ ] 411 West Fourth Street, Santa Ana

[ ] 21041 Burbank Boulevard, Woodland Hills  [ ] 1415 State Street, Santa Barbara

[ ] 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By:_____
       *Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**

F70041