| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Scott C. Clarkson, Esq.(SBN)143271<br>CLARKSON, GORE & MARSELLA, APLC<br>3424 Carson Street, #350<br>Torrance, CA 90503<br><br>(310) 542-0111<br>(310) 214-7254<br><br>*Attorney for Plaintiff*  Angelo Sianez | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Fernie Montes De Ocha and Dora Ruiz-Montes De Ocha | CHAPTER 7 |
|---|---|
| | CASE NUMBER  2:10-bk-35508-RN |
| Debtor. | ADVERSARY NUMBER  10-2787RN |
| Angelo Sianez<br><br>vs.                                           Plaintiff(s),<br><br>Fernie Montes De Ocha & Edward M. Wolkowitz, as Chapter 7 Trustee<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____11-4-10_____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: 12-9-10    Time: 9:00am    Courtroom: 1645    Floor: 16 |
|---|
| [X] **255 East Temple Street, Los Angeles**          [ ] **411 West Fourth Street, Santa Ana**<br><br>[ ] **21041 Burbank Boulevard, Woodland Hills**     [ ] **1415 State Street, Santa Barbara**<br><br>[ ] **3420 Twelfth Street, Riverside** |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____10-5-10_____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
                              *Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*

**F 7004-1**
F70041

STATUS CONFERENCE INSTRUCTIONS OF
BANKRUPTCY JUDGE RICHARD M. NEITER
Courtroom 1645

1.  A copy of these instructions must be attached to the copy of the complaint served upon each party, and the proof of service must state that these instructions, as well as a copy of the summons and complaint, was served.

2.  If the proceeding involves money or property exceeding $10,000 or if the plaintiff believes trial time will be four (4) hours or more, plaintiff must serve, with the summons and complaint, a notice in compliance with Local Bankruptcy Rule 7026-1. Plaintiff must also file proof of service of the notice with proof of service of the summons and complaint.

3.  If Local Bankruptcy Rule 7026-1 applies, counsel for the parties **MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN THE RULE.**

4.  Pursuant to Local Bankruptcy Rule 7016-1(a)(2), all parties must file a Joint Status Report at least fourteen (14) days before the date set for each status conference. The initial Joint Status Report should be in a form attached hereto as Exhibit A, *i.e.*, Local Form 7016-1.1. Failure to file such a Joint Status Report may result in the imposition of monetary sanctions and/or the status conference being continued and parties being ordered to redo the status report to conform to Exhibit A. If cooperation in the filing of a Joint Status Report cannot reasonably be obtained, each appearing party must file a Unilateral Status Report and Declaration which complies with Local Bankruptcy Rule 7016-1(a)(2) and is filed within ten (10) days of the date set for each conference.

5.  If a response to the complaint is not timely filed:

    A. The plaintiff should promptly file a request for entry of default by the clerk. The plaintiff should also move for an entry of a default judgment by filing and serving (if necessary) an appropriate motion; see Fed. R. Bankr. P. 7055 and Local Bankruptcy Rule 9021-1(d);

    AND

    B. No later than ten (10) days prior to the status conference, each appearing party must also file a Unilateral Status Report (completing Sections A-E of Exhibit A attached hereto) as required by Local Bankruptcy Rule 7016-1(a)(2).

6.  If the parties dispute whether the adversary proceeding is "core" within the meaning of 28 U.S.C. § 157(b), they must file points and authorities in support of their positions. Any party who contends that the proceeding is "non-core" must file and serve a memorandum of points and authorities and evidence in support of his/her/its position no less than fourteen (14) days before the status conference. Any response must be filed at least seven (7) days before the status conference. **If a party does not timely file and serve his/her/its papers, that failure may be deemed a consent to whatever determination the Court makes.**

7.  Any party claiming a right to trial by jury must make a timely demand as set forth in <u>Local Bankruptcy Rule 9015-2</u>. If the parties dispute whether a party has a right to a jury trial, they must file points and authorities in support of their positions. Any party who contends that he/she/it has a right to a jury trial must file and serve a memorandum of points and authorities and evidence in support of his/her/its position no less than fourteen (14) days before the status conference . Any response must be filed at least seven (7) days before the status conference. **If a party does not timely file and serve his/her/its pleadings, that failure may be deemed a consent to whatever determination the Court makes.**

8.  **Counsel for each party and any party who does not have counsel <u>must</u> appear <u>in person</u> at the <u>first</u> status conference.** With respect to <u>subsequent</u> status conferences, counsel for each party and any party who does not have counsel may appear by telephone if they make timely arrangements to do so in accordance with the Court's telephonic appearance procedures, which can be accessed by clicking "Information" on the upper left-hand corner of the Court's website at www.cacb.uscourts.gov. If a party has questions about these procedures or cannot locate them on the Court's website, the party may contact Phyllis Jones, the judge's Courtroom Deputy, at (213) 894-5860.

9.  Unless otherwise ordered by the Court, within seven (7) court days after the initial status conference, the plaintiff must submit a Scheduling Order which complies with <u>Local Bankruptcy Rule 7016-1(a)(3)</u>.

10. Failure to comply with these instructions may subject the responsible party to sanctions as may be warranted under the circumstances or allowed under <u>Local Bankruptcy Rule 7016-1(f)</u>.

11. Failure of counsel for any party to appear at a status conference may be considered an abandonment or failure to prosecute or defend diligently and may result in dismissal of the proceeding or judgment entered against the defaulting party without further hearing, or such other sanctions as may be warranted under the circumstances or allowed under <u>Local Bankruptcy Rule 7016-1(g)</u>.

(Released March 5, 2007)